# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| CAROL CRUMPLER, | * | |
| Plaintiff, | * | |
| v. | * | CV 115-160 |
| VERIZON WIRELESS, | * | |
| Defendant. | * | |

# ORDER

Presently before the Court is Defendant's motion for Summary Judgment. (Doc. 25.) Plaintiff filed suit against Defendant under Title VII alleging race discrimination, sex discrimination, and a hostile work environment. Defendant seeks summary judgment on the grounds that Plaintiff has failed to provide sufficient evidence to support any of her claims. The Court agrees with Defendant.

## I. Background

The present litigation stems from the termination of Plaintiff's employment by Defendant. Plaintiff began working for Verizon in January 2006 in Illinois. In 2012, Verizon promoted Plaintiff to Assistant Store Manager ("ASM") and moved her to Augusta, Georgia. Then, in 2013, Verizon promoted Plaintiff to ASM of a superior retail location in the Augusta Exchange shopping center.

In February 2014, Verizon received a complaint from Michelle Cisco, one of Plaintiff's subordinates. Ms. Cisco alleged that Plaintiff took no corrective action after Plaintiff heard another subordinate use the term "cracker" and state that she wanted "to make all African American sales reps number one since it was African American heritage month." (Doc. 25, Defendant's Statement of Material Facts, p.5.) Ms. Cisco also alleged that after she told Plaintiff, the declarant and another employee that she found the comments offensive, she overhead Plaintiff tell the group "I hate that bitch." (Id.)

In response to Ms. Cisco's complaint, Verizon conducted an investigation and concluded that Plaintiff committed multiple code-of-conduct violations during the incident. First, Plaintiff failed to take corrective action when one of her subordinates used a racial epithet in her presence. (Doc. 27-1, Verizon Internal Investigation, p. 1.) Second, Plaintiff made severely disparaging remarks about an employee in the presence of other employees. Id. Third, when confronted by another manager about the situation, Plaintiff admitted that her conversation was "not HR appropriate." (Doc. 25-6, HR Consultant Declaration, ¶ 8.) The investigation also concluded that, separate and apart from the incident in question, Plaintiff used strong profanity when coaching her subordinates. (Id.) Based on these findings, Verizon discharged Plaintiff in early March 2014. (Id. at ¶ 10.)

## II. Standard of Review

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" if they could affect the outcome of the suit under the governing substantive law, and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must view factual disputes in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in [the non-moving party's] favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal punctuation and citations omitted). The Court should not weigh the evidence or determine credibility. Anderson, 477 U.S. at 255.

The moving party has the initial burden of showing the Court, by reference to materials on file, the basis for the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Because the standard for summary judgment mirrors that of a directed verdict, the initial burden of proof required by either party depends on who carries the burden of proof at trial. Id. at 323. When the movant does not carry the burden of proof at trial, it may satisfy its initial burden in one of two ways — by

3

negating an essential element of the non-movant's case or by showing that there is no evidence to prove a fact necessary to the non-movant's case. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). The movant cannot meet its initial burden by merely declaring that the non-moving party cannot meet its burden at trial. Clark, 929 F.2d at 608.

If — and only if — the movant carries its initial burden, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Id. When the non-movant bears the burden of proof at trial, the non-movant must tailor its response to the method by which the movant carried its initial burden. If the movant presented evidence affirmatively negating a material fact, the non-movant "must respond with evidence sufficient to withstand a directed verdict motion at trial on the material fact sought to be negated." Fitzpatrick, 2 F.3d at 1116. If the movant shows an absence of evidence on a material fact, the non-movant must either show that the record contains evidence that was "overlooked or ignored" by the movant or "come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." Id. at 1117. The non-movant cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint.

4

See Morris v. Ross, 663 F.2d 1032, 1033-34 (11th Cir. 1981). Rather, the non-movant must respond with affidavits or as otherwise provided by Federal Rule of Civil Procedure 56.

In this action, the Clerk of the Court gave Plaintiff notice of the motion for summary judgment and informed her of the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of default. (Doc. 26.) Therefore, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied. The time for filing materials in opposition has expired, and the motion is now ripe for consideration.

### III. Discussion

Plaintiff's complaint alleges that: (1) Verizon discriminated against her because of her race; (2) Verizon discriminated against her because of her sex; and (3) Verizon tolerated a hostile work environment. In her response to Defendant's motion, Plaintiff abandoned her hostile work environment claim. Thus, this court will only address her race- and sex-discrimination claims.

Plaintiff hopes to prove her race- and sex-discrimination claims by alleging that Verizon treated other non-black, non-female employees differently when they committed similar violations of the code of conduct. As evidence of her different treatment, she cites the disciplinary cases of several employees who she claims Verizon treated less harshly than herself. Thus,

5

Plaintiff hopes to prove her disparate-treatment claim through circumstantial evidence.

When a plaintiff uses circumstantial evidence to prove disparate treatment based upon race or sex, courts must apply the McDonnel Douglas analysis. <u>Burke-Fowler v. Orange Cty</u>, 447 F.3d 1319, 1323 (11th Cir. 2006). This analysis uses three steps to sift through the validity of a plaintiff's claim. First, the Plaintiff must establish a prima facie case of disparate treatment. <u>Id.</u> "To establish a prima facie case for disparate treatment in a race discrimination case, the plaintiff must show that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside of her protected class more favorably than she was treated; and (4) she was qualified to do the job." <u>Id.</u> If a Plaintiff proves a prima facie case, the defendant "must show a legitimate, non-discriminatory reason for its employment action." <u>Id.</u> If the defendant makes such a showing, the plaintiff must then prove that the reason offered is "merely pretext for unlawful discrimination." <u>Id.</u>

In its motion for summary judgment, Defendant makes three arguments. First, it asserts that Plaintiff has failed to satisfy the third element of a prima facie case of discrimination. Second, Defendant argues that Plaintiff might not have satisfied the second element either — that she might not have suffered an

6

adverse employment action. Finally, Defendant argues that, even if Plaintiff did establish a prima facie case, Plaintiff has failed to prove that Defendant's valid reasons for terminating Plaintiff were really pretext for unlawful discrimination.

The Court first examines whether Plaintiff sufficiently showed that Verizon treated similarly situated employees differently based upon race or sex. To determine if an employer treated similarly situated employees differently, the Court must determine if the comparators offered by Plaintiff truly qualify as "similarly situated." "When a plaintiff alleges discriminatory discipline, to determine whether employees are similarly situated, we evaluate 'whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways.'" Burke-Fowler, 447 F.3d at 1323 (quoting Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999)). To be similarly situated, the Eleventh Circuit requires "'that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employer's reasonable decisions and confusing apples with oranges.'" Id.

Plaintiff has failed to provide sufficient evidence from which a reasonable jury could find that she satisfied the third element of her prima facie case because she has failed to offer examples of similarly situated employees who were treated differently than herself. Plaintiff offers five potential comparators who she claims also violated the code-of-conduct but

7

were not fired. None of Plaintiff's potential comparators, however, qualify as a similarly situated employee.

Plaintiff's first two comparators fail because Defendant accused them of committing different misconduct than it accused Plaintiff of committing and Defendant disciplined them in the same manner it disciplined Plaintiff. Plaintiff's first comparator, Hiral Patel, an asian male, was accused of making inappropriate comments, false allegations, and character attacks against another employee in the presence of a customer. He was not accused of making racially discriminatory remarks. Similarly, Plaintiff's second comparator, Nathan Sanders, a white male, was accused of code-of-conduct violations unrelated to racial discrimination. Verizon fired both men, despite being male, and Mr. Sanders, despite being white. Thus, Plaintiff's first two comparators fail to demonstrate that Verizon treated similarly situated employees differently or that it discriminated against her on the basis of race or sex.

Plaintiff's remaining three comparators are likewise dissimilar. Plaintiff's remaining comparators: Jaton Turner, Roby Leffew and Amanda Holland, were accused of violations other than race discrimination. Verizon determined that none of them committed the violations of which they were accused and it imposed no discipline. Plaintiff's response to Defendant's motion for summary judgment contains no effort to establish that these three comparators committed offenses similar to the offenses Defendant

8

alleges Plaintiff committed or that Defendant somehow treated them differently than it treated Plaintiff. In fact, she admits that they were accused of altogether different violations of the code of conduct. Moreover, Mr. Turner, like Plaintiff, is an African American and Ms. Holland, like Plaintiff, is a female. Thus, Plaintiff's three remaining comparators are not similarly situated employees and do not provide evidence that Verizon participated in race- or sex-discrimination.

The Court notes that, if anything, Plaintiff's comparators demonstrate an absence of bias toward female or black employees. The two comparators who <u>were</u> fired were non-black males, and of the three comparators who <u>were not</u> fired, one was a black male, and one was a white female. Thus, even if the law allowed the use of comparators who engaged in different employee misconduct than the alleged misconduct of the plaintiff, Plaintiff would still have failed to demonstrate a bias toward black or female employees.

Plaintiff failed to establish valid comparators and presented no other circumstantial evidence suggesting racial or sexual discrimination. Thus, Plaintiff did not establish a prima facie case of disparate treatment and her claim fails.

Even if Plaintiff did provide valid comparators, however, her claim still fails because Defendant has shown that its reasons for firing Plaintiff were not pretext. If a plaintiff proves a prima facie case, then "the burden shifts to the defendant to rebut this

9

inference in presenting legitimate, non-discriminatory reasons for its employment action." Holifield v. Reno, 115 F.3d 1555, 1565 (11th Cir. 1997). This burden is "exceedingly light." Id.

Defendants have met this burden by providing evidence of the conclusions it came to after a comprehensive and detailed investigation of the allegations against Plaintiff. The Human Resource Consultants who aided Verizon interviewed seventeen different witnesses as well as Plaintiff. They substantiated multiple allegations against Plaintiff with corroborating witness testimony and determined that Plaintiff committed multiple code-of-conduct violations. They also replaced Plaintiff with an African American female. Thus, Defendants have demonstrated that its reasons for firing Plaintiff were not mere pretext.

But, Plaintiff does not lose just because the Defendant meets its burden of showing that the action lacked pretext. Plaintiff still has "the opportunity to demonstrate that the defendant's articulated reason for the adverse employment action is a mere pretext for discrimination." Holifield, 115 F.3d at 1565. Plaintiff, however, offers no such reason. Her response to Defendant's motion for summary judgment is devoid of any factual or inferential allegations which might support an assertion that the reasons put forth by Defendant were mere pretext. Thus, Plaintiff has failed to prove any ulterior motive by Defendant and cannot succeed on her race- or sex-discrimination claims.

10

## IV. Conclusion

Because Plaintiff failed to establish valid comparators and could not rebut Defendant's proof that it had non-discriminatory reasons for firing Plaintiff, Plaintiff's race- and sex-discrimination claims fail. Therefore, the Court **GRANTS** Defendant's motion for summary judgment. (Doc. 25.) The Clerk shall **ENTER JUDGMENT** in favor of Defendant and against Plaintiff and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of February, 2017.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```